Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 635 | **DATE** | 7/1/2004 |
| **CASE TITLE** | Tyrone Delaney vs. Charles L. Hinsley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, respondent's motion to dismiss [#6] is granted. Petitioner's petition for writ of habeas corpus is hereby dismissed and case is terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | 2 number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | JUL 06 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 10 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/1/2004 date mailed notice | |
| MD courtroom deputy's initials | | 2004 JUL -2 PM 4:43 FILED | MD mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel. TYRONE DELANEY, ) ) ) | |
| Petitioner, ) ) | |
| v. ) ) | No. 04 C 0635 <br> Judge Joan H. Lefkow |
| CHARLES L. HINSLEY,[1] Warden, Menard Correctional Center, ) ) ) ) | |
| Respondent. ) ) | |

DOCKETED
JUL 0 6 2004

## MEMORANDUM OPINION AND ORDER

On January 30, 1997, petitioner, Tyrone Delaney ("Delaney"), pled guilty to first-degree murder in the Circuit Court of Cook County, Illinois. The court sentenced him to seventy years imprisonment. On January 27, 2004, Delaney filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that Illinois' extended term statute, under which he was sentenced, is unconstitutional. Respondent has filed a motion to dismiss Delaney's petition as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). For the reasons stated below, the motion is granted.

---

[1] Charles L. Hinsley has replaced Eugene McAdory as Warden at the Menard Correctional Center and is thus the proper respondent in this habeas action. *See* Rule 2(a) of the Rules Governing Habeas Corpus cases under 28 U.S.C. § 2254. This court, therefore, hereby substitutes Hinsley as the respondent. *See* Fed. R. Civ. P. 25(d)(1).

## PROCEDURAL HISTORY

After being sentenced by the Circuit Court, Delaney appealed the length of the sentence to the Illinois Appellate Court, which affirmed the judgment of the Circuit Court on June 30, 1998. Pursuant to Illinois Supreme Court Rule 315(b), Delaney had 21 days, until July 12, 1998, to file a petition for leave to appeal to the Illinois Supreme Court. He did not. He did file a pro se petition for relief of judgment with the Circuit Court of Cook County on October 5, 2000,[2] which that court dismissed on November 15, 2000. Delaney appealed the dismissal of the petition to the Illinois Appellate Court on December 18, 2000 and that court affirmed the dismissal on March 29, 2002. The Illinois Supreme Court denied leave to appeal the order of the Appellate Court on October 6, 2003.

## DISCUSSION

AEDPA establishes a one-year statute of limitations applicable to federal habeas corpus petitions filed under 28 U.S.C. § 2254. AEDPA provides that the limitation period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Although section 2244(d)(2) of the AEDPA does provide that the period of limitation in section 2244(d)(1) will be tolled while any properly filed post-conviction or other collateral review is pending, the period of limitations does not toll during the period after the conclusion of direct review and prior to any ultimate collateral review if no petition for collateral review has actually been filed yet. *See Fernandez* v. *Sternes*, 227 F.3d 977, 980 (7th Cir. 2000). Delaney waited 811 days after the last date he could have filed a petition for leave to appeal his conviction to the Illinois Supreme

---

[2]Delaney mailed the petition on September 30, 2000. The court will compute tolling of the statute of limitations based on this date.

Court, July 12, 1998, before he filed his post-conviction petition in the Circuit Court of Cook County on September 30, 2000. Consequently, his right to file a petition for writ of habeas corpus with this court ended on July 12, 1999, 446 days prior to the date he filed his post-conviction petition with the Circuit Court of Cook County.

In his response to respondent's motion to dismiss the petition as time-barred, Delaney goes to great lengths to argue the merits of his petition. However, he does not present an argument opposing the motion except insofar as he states that he does not feel the AEDPA is applicable to his situation because he filed his first petition for post-conviction relief pursuant to Illinois statute 735 ILCS 5/2-1401, which allows an indefinite time period for challenging a void order or judgment. (Pet. Response. p.2.) Delaney does not offer any legal rationale for applying state law time limits, rather than those mandated by AEDPA, to a petition for a writ of habeas corpus filed in a federal district court, and the court finds no grounds for doing so.

## ORDER

For the above reason this court grants respondent's motion to dismiss Delaney's petition [#6]. Case is terminated.

ENTER: _____
JOAN HUMPHREY LEFKOW
Dated: July 1, 2004
United States District Judge